UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM MADISON,

                Plaintiff,

-against-

LINCOLN HOSPITAL EMERGENCY UNIT
ON 149 ST IN THE BRONX NEW YORK,

                Defendant.

1:21-CV-0473 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under the Court's federal-question jurisdiction. He alleges that his "right to medical care was violated" (ECF 2, at 2), and he sues "Lincoln Hospital Emergency Unit on 149 St in the Bronx New York" ("Lincoln Hospital") seeking damages. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and state law. By order dated March 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint: On January 18, 2021, Plaintiff went to Lincoln Hospital's emergency room because his legs and feet were swollen and because he was experiencing lower-back pain. Hospital officials registered him and "took [his] vitals," and they told him to take a seat and wait for a physician. (ECF 2, at 6.) But no physician examined him. At about 2:00 a.m., security guards asked him to put his shoes on. Plaintiff explained to them that his feet were swollen and that he was waiting to see a physician. He then asked to use the restroom, but the security guards refused because "no bathrooms [were] open." (*Id.*) Plaintiff

2

then urinated into a sink. The security guards asked Plaintiff what he was doing; when he told them, they asked him to leave.

Plaintiff then explained that he had still not seen a physician. But the security guards told him that "you [are] really not going to see a doctor now." (*Id.* at 7.) Plaintiff then asked them to call the police. One of the security guards grabbed Plaintiff and "told [him that] when [they] get outside he's going to bust [Plaintiff's] head open." (*Id.*) Plaintiff then said "Black Lives Matter," but the security guard responded, "Fuck Black Lives." (*Id.*) Plaintiff "didn't receive any medical treatment [and he] feel[s] traumatized and abused." (*Id.* at 8.)

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "It is well established that a hospital is not a 'person' [for the purposes of] Section 1983" liability. *Mejía v. Davis*, No. 1:16-CV-9706, 2018 WL 333829, at *4 (S.D.N.Y. Jan. 8, 2018) (collecting cases). The Court therefore dismisses Plaintiff's claim under § 1983 against Lincoln Hospital for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

NYC Health + Hospitals ("H+H"), formerly known as the New York City Health & Hospitals Corporation, is a public benefit corporation created by state law; H+H operates Lincoln Hospital, and H+H can be sued. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1). The Court therefore construes Plaintiff's claims against Lincoln Hospital as brought against H+H. When a plaintiff sues H+H under § 1983, it is not enough for the plaintiff to allege that H+H's employees or agents engaged in some wrongdoing. The plaintiff must show that H+H itself caused the

3

violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against H+H under § 1983, the plaintiff must allege facts showing (1) the existence of an H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for § 1983 municipal liability to H+H).

Plaintiff has alleged no facts suggesting that a policy, custom, or practice of H+H caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under § 1983 against H+H for failure to state claim on which relief may be granted.[1] *See* § 1915(e)(B)(ii).

---

[1] "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 199-200 (1989). But the Constitution "imposes no affirmative obligation on the State to provide the general public with adequate protective services." *Id.* at 197. Plaintiff alleges no facts showing that H+H had an affirmative duty to provide him with medical treatment. Thus, to the extent that Plaintiff asserts that an H+H official violated his constitutional rights by failing to provide him medical treatment, he fails to state a claim under § 1983. *See* § 1915(e)(2)(B)(ii). And because "[c]ourts in the Second Circuit have consistently held that [m]ere threats, verbal harassment or profanity, without any injury or damage, are not actionable under Section 1983," *Justice v. McGovern*, No. 11-CV-5076, 2012 WL 2155275, at *3 (E.D.N.Y. June 12, 2012) (internal quotation marks and citation omitted, second alteration in original, collecting cases), Plaintiff also fails to state a claim under § 1983 arising from the security guard's threats and use of profanity, *see* § 1915(e)(2)(B)(ii).

### B.     Claims under state law

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action.

The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:  March 5, 2021
        New York, New York

                                              _____*Louis L. Stanton*_____
                                                    Louis L. Stanton
                                                       U.S.D.J.